## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSEPH ROBLES,

      Plaintiff,

v.                                              No. CIV 08-438  JB/KBM

CITY OF ALBUQUERQUE,
RAY SCHULTZ,
TWO UNKNOWN APD OFFICERS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff Joseph Robles' civil rights Complaint. Robles is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Robles is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Robles' financial status, the Court finds that he is unable to pay an initial partial payment pursuant to § 1915(b)(1). The Court will grant the IFP motion, and, for the reasons stated below, will dismiss certain of Robles' claims.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human*

*Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Robles' pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that Albuquerque Police Department officers used excessive force in arresting Robles. Robles lost consciousness, and suffered broken ribs and a broken nose. He contends that the Defendants' actions violated his rights under the Fourth Amendment. The Complaint seeks damages.

No relief is available on Robles' claims against Defendant City of Albuquerque. "A municipality cannot be held liable for its officers' actions under § 1983 unless those actions were caused by a policy or custom of the municipality." *Novitsky v. City of Aurora*, 491 F.3d 1244, 1259 (10th Cir. 2007) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978)). Robles makes no allegation that the officers' use of excessive force was pursuant to a city custom or policy. The Court will dismiss Robles' claims against Defendant City of Albuquerque and will allow a reasonable time for Robles to identify the unknown Defendants.

**IT IS THEREFORE ORDERED** that Robles's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is granted, and the initial partial payment is waived;

**IT IS FURTHER ORDERED** that Robles must make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk shall provide Robles with two copies of the post-filing financial certificate, and Robles is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

**IT IS FURTHER ORDERED** that Robles's claims against Defendant City of Albuquerque are dismissed, and Defendant City of Albuquerque is dismissed as a party to this action;

**IT IS FURTHER ORDERED** that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Ray Schultz.

_____
UNITED STATES DISTRICT JUDGE